IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JUDITH GAYLE HOLMBECK; KAREN TAYLOR;**　　　　　　　　　　**PLAINTIFFS**
**RHONDA KING; ANNETTE STETTNISH CORNISH;**
**ROBIN CARTER; and JANE RUSSELL**

v.　　　　　　　　　　　　　Case No. 2:19-CV-00154-LPR

**DAVID P. SOLOMON**　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

This was a case about the administration of a trust. Plaintiffs, remainder beneficiaries of the trust at issue, brought this suit against former trustee Defendant David P. Solomon, alleging that Mr. Solomon abused his powers for personal profit.[1] The Court ultimately dismissed this case for failure to state a claim because Plaintiffs failed to plausibly allege that the trust had suffered any harm. Mr. Solomon wants Plaintiffs to pay him $430,793.65 for the attorneys' fees and costs he incurred in defending this action.[2] The sole question under the applicable law is whether making Mr. Solomon pay his own attorneys' fees and costs would offend "justice and equity." It would not. Accordingly, the Court DENIES Mr. Solomon's Motion.

## BACKGROUND

The Court has already exhaustively recounted the factual allegations and procedural history of this litigation in its Order dismissing Plaintiffs' claims.[3] There is no need to repeat such

---

[1] "Plaintiffs" does not include Jane Russell. Ms. Russell's alignment as a plaintiff is purely procedural. *See* Mar. 4, 2021 Hr'g Tr. (Doc. 64) at 7:8–8:18. She is partial to Mr. Solomon—she thinks this lawsuit never should have happened. *See* Mot. to Dismiss (Doc. 29); Mot. to Dismiss (Doc. 112). She also has a pending Motion for Attorneys' Fees and Costs, Doc. 121, which the Court DENIES. Ms. Russell was a necessary party to this lawsuit, and Plaintiffs' maintenance of this lawsuit was not frivolous, malicious, or otherwise wrongful. *See infra* pp. 3–4.

[2] *See* Br. in Supp. of Mot. for Att'y Fees (Doc. 118) at 8 (seeking $426,578.50 in fees and $4,215.15 in costs).

[3] *See* Order (Doc. 115) at 1–16.

background information here.  When necessary to explain its reasoning with respect to the pending Motion, the Court simply cites back to that recitation.

## DISCUSSION

Parties generally have to pay their own lawyers.[4]  There are times, however, when a statute allows a Court to order one side to pay the other's legal fees.  Arkansas's Trust Code (which is the law applicable to this diversity-jurisdiction case) contains such a fee-shifting provision, codified at Arkansas Code Annotated section 28-73-1004:

> In a judicial proceeding involving the administration of a trust, a court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Note that this is not a "prevailing party" statute that essentially entitles the winning party to a fees award.[5]  Instead, in situations where the statute applies, the Arkansas General Assembly has told courts to consider whether "justice and equity" demand that one side be relieved of the financial burden of paying his or her attorneys.

Plaintiffs' front-line argument is that this case didn't concern trust administration and, therefore, Mr. Solomon has no claim to fees and costs under section 28-73-1004.  As the opening line of the instant Order reveals, the Court isn't too enamored with that argument.  Even Plaintiffs considered this case to fall within the scope of section 28-73-1004 until they wound up on the bad side of a fee petition.[6]  But the Court need not actually resolve this issue.  Assuming arguendo that

---

[4] *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015); *Gibson v. Buonauito*, 2022 Ark. 206, at 11, 655 S.W.3d 59, 66.

[5] *Cf. Lefemine v. Wideman*, 568 U.S. 1, 5 (2012) ("Because Lefemine is a prevailing party, he should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." (quotation marks and citation omitted)).

[6] *See* Compl. (Doc. 1) ¶¶ 70–72; Am. Compl. (Doc. 25) ¶¶ 99–101; Second Am. Compl. (Doc. 109) at pp. 21–22; Mar. 18, 2022 Hr'g Tr. (Doc. 108), Vol. II, 1:24–3:4 (conceding that attorneys' fees and costs would be available to Mr. Solomon under Arkansas law).

Mr. Solomon's Motion is properly brought under section 28-73-1004, the Court concludes that "justice and equity" do not "require" that Plaintiffs pay Mr. Solomon's legal fees.

Victory alone is certainly not enough to entitle Mr. Solomon to an award of attorneys' fees and costs. To award fees solely on that basis would require holding that the general rule that parties must pay their own legal fees—described by the United States Supreme Court as a "bedrock principle" of the American legal system—is in and of itself unjust and inequitable.[7] This Court neither intends nor desires to make that ruling. Accordingly, before this Court will award fees under section 28-73-1004, there must be a showing that this case presents circumstances that would make application of the general rule to Mr. Solomon unjust and inequitable.

Mr. Solomon says this case presents circumstances that warrant an award of fees because, in his view, Plaintiffs were using this litigation to harass him. He reaches that conclusion based on (1) his assessment that some of Plaintiffs' litigation tactics caused the lawsuit to languish and (2) his assumption that Plaintiffs knew they could not state a viable claim against him yet tried doing so three times anyway. The Court cannot agree with Mr. Solomon's read of the record in this case. Litigation is a lengthy process, a fact which plaintiffs and defendants alike often use to their advantage when possible. And while it is true that Plaintiffs were unable to meet their pleading burdens, it isn't as though Plaintiffs were tilting at windmills.

Mr. Solomon's brief tenure as trustee involved some eyebrow-raising developments. To recap: The leases for both of the trust's major assets (Helena Bridge and Helena Marine) expired; Helena Bridge was shuttered and liquidated; Mr. Solomon benefited from Helena Bridge's shuttering because he owned the land on which Helena Bridge operated and he was able to secure a higher-paying tenant to take Helena Bridge's place; and Helena Marine was prepped for similar

---

[7] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010).

treatment.[8] These circumstances certainly allowed Plaintiffs to form reasonable, good faith questions about Mr. Solomon's fitness to serve as trustee. And when Plaintiffs raised those questions to Mr. Solomon, he responded with a letter threatening to oust Helena Marine from the land he owned.[9] Even if Plaintiffs were not able to plead a viable legal claim against Mr. Solomon, it's quixotic to view him as some incontestably innocent actor arbitrarily targeted by Plaintiffs.

This case is run-of-the-mill: Some people found themselves at odds with each other; one side went to court; the other side was able to have the case thrown out. That's a pretty standard litigation outcome. Without something to differentiate this case from the mine-run of litigation, the Court sees no reason to depart from the general rule that both sides must pay their own lawyers.

## CONCLUSION

Mr. Solomon's and Ms. Russell's Motions for Attorney's Fees are DENIED.[10]

IT IS SO ORDERED this 12th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[8] Order (Doc. 115) at 5–11.

[9] *Id.* at 11–12.

[10] Defs.' Mot. for Att'y Fees (Doc. 117); Pl. Jane Russell's Mot. for Att'y Fees (Doc. 121); *see supra* note 1.